SHARON DOUGLASS MAYO - State Bar No. 150469
sharon.mayo@aporter.com
DANIKA B. VITTITOE - State Bar No. 235337
danika.vittitoe@aporter.com
VIKRAM SOHAL - State Bar No. 240251
vikram.sohal@aporter.com
EMILIA P. PETERSEN - State Bar No. 253681
emilia.petersen@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Attorneys for Plaintiffs

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODSONGS, EMI ROBBINS CATALOG, INC., EMI APRIL MUSIC INC., MUSIC SALES CORP., OLLIE BROWN SUGAR MUSIC, DLE MUSIC AND WILLIAMSON MUSIC COMPANY AND CHAPPELL & CO., INC., | Case No. CV 08-07869 DDP (PJWx) |
| Plaintiffs, | **CONSENT JUDGMENT** |
| v. | **(17 U.S.C. §§101 *ET SEQ.*)** |
| THE PALACIO DE GRANADA, INC., D/B/A THE GRANADA AND ENIO ALPHONSO CORDOBA, | |
| Defendants. | |

LA: 550774v1

1    WHEREAS, plaintiffs Rodsongs, EMI Robbins Catalog, Inc., EMI April
2 Music Inc., Music Sales Corp., Ollie Brown Sugar Music, DLE Music and
3 Williamson Music Company, and Chappell & Co., Inc. ("Plaintiffs") are owners of
4 the copyrights in the musical compositions listed in Schedule A to Plaintiffs'
5 Complaint filed in this action and members of the American Society of Composers,
6 Authors and Publishers ("ASCAP"); and

7    WHEREAS, defendants The Palacio de Granada, Inc., d/b/a The Granada and
8 Enio Alphonso Cordoba ("Defendants"), at the times of the infringing acts alleged in
9 the Complaint, did own, control, manage, operate, and maintain a place of business
10 for public entertainment, accommodation, amusement, and refreshment known as The
11 Granada, located at 17 S. First St., in Alhambra, in the State of California; and

12   WHEREAS, Without authorization or consent, Defendants, on the dates
13 specified on Schedule A to the Complaint, publicly performed Plaintiffs' copyrighted
14 musical compositions at The Granada, located at 17 S. First St., in Alhambra, in the
15 State of California, for the entertainment and amusement of the patrons attending said
16 premises in violation of Plaintiffs' rights under 17 U.S.C. § 106(4), as a remedy for
17 which Plaintiffs are entitled to judgment against Defendants for willful copyright
18 infringement.

19   NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND
20 DECREED that:

21   1.    (a)    Judgment is entered for Plaintiffs and against Defendants on the
22 claims set forth in Plaintiffs' Complaint in the amount of Twenty-Five Thousand
23 Dollars ($25,000.00) (the "Consent Judgment Amount").  Notwithstanding the
24 foregoing, the parties have agreed that this Judgment may be satisfied upon
25 Defendants' payment of the sum of Twenty Thousand Dollars ($20,000.00) (the
26 "Settlement Amount") as provided in Paragraph 2 below.  Notwithstanding the
27 aforementioned Consent Judgment Amount and Settlement Amount, the parties have
28 agreed that this Consent Judgment may be satisfied by Defendants' payment of cash,

- 2 -

in the form of a cashier's check, in the amount of Fourteen Thousand Dollars ($14,000.00) if said payment is received by counsel for Plaintiffs on or before Monday, June 14, 2009. If Defendants do not make said cash payment on that date, Defendants must then make payment of the Settlement Amount of Twenty Thousand Dollars ($20,000.00), as provided in Paragraph 2 below.

    (b)    The amount provided for in this Consent Judgment shall be in full settlement of all claims against Defendants arising out of Plaintiffs' Complaint and all other copyright infringement claims of members of ASCAP against Defendants arising out of the operation of The Granada, located at 17 S. First St., in Alhambra, in the State of California, during all periods up to and including the date of entry of this Consent Judgment.

    2.    (a)    Defendants shall pay the Settlement Amount in installments as follows:

        A.    Payment of Five Hundred Dollars ($500.00) on or before June 30, 2009;

        B.    Payment of Five Hundred Dollars ($500.00) on or before July 31, 2009;

        C.    Payment of Five Thousand Dollars ($5,000.00) on or before August 31, 2009. In the event that Defendants timely provide to Plaintiffs documentation of their inability to make said payment in August 2009, Defendants shall make a payment of Five Hundred Dollars ($500.00) on or before August 31, 2009, and pay an additional amount of Four Thousand Five Hundred Dollars ($4,500.00) on or before December 31, 2009;

        D.    Payment of Five Hundred Dollars ($500.00) on or before September 30, 2009;

|     |     |     |
| --- | --- | --- |
| 1   | E.  | Payment of Five Hundred Dollars ($500.00) on or before |
| 2   |     | October 31, 2009; |
| 3   | F.  | Payment of Five Hundred Dollars ($500.00) on or before |
| 4   |     | November 30, 2009; |
| 5   | G.  | Payment of Five Thousand Dollars ($5,000.00) on or before |
| 6   |     | December 31, 2009.  Should defendants make a payment of |
| 7   |     | only Five Hundred ($500.00) in August 2009, rather than |
| 8   |     | $5,000.00, a total of Nine Thousand Five Hundred Dollars |
| 9   |     | ($9,500.00) will be due and owing on or before December |
| 10  |     | 31, 2009; |
| 11  | H.  | Payment of Five Hundred Dollars ($500.00) on or before |
| 12  |     | January 31, 2010; |
| 13  | I.  | Payment of Five Hundred Dollars ($500.00) on or before |
| 14  |     | February 28, 2010; |
| 15  | J.  | Payment of Five Hundred Dollars ($500.00) on or before |
| 16  |     | March 31, 2010; |
| 17  | K.  | Payment of Five Hundred Dollars ($500.00) on or before |
| 18  |     | April 30, 2010; |
| 19  | L.  | Payment of Five Hundred Dollars ($500.00) on or before |
| 20  |     | May 31, 2010; and |
| 21  | M.  | Payment of Five Thousand Dollars ($5,000.00) on or before |
| 22  |     | June 30, 2010. |

23  (b)   Defendants shall make the payments provided for above in the
24  form of a certified, cashier's, bank, or corporate business check drawn on a California
25  bank, made payable to "ASCAP," and delivered to Danika B. Vittitoe, Esq., at
26  Arnold & Porter LLP, 777 South Figueroa Street, 44th Floor, Los Angeles, California
27  90017, or such other person as Plaintiffs' attorneys shall designate to receive such
28  payments.

3. Contemporaneously with the execution of this Consent Judgment, Defendants will execute an ASCAP General License Agreement for The Granada for the term commencing January 1, 2009. License fees pursuant to such license agreement for the calendar year 2009 shall be included in the amount to be paid by Defendants as provided in this Consent Judgment. License fees pursuant to such license agreement for periods beginning January 1, 2010, shall be paid by Defendants when due as billed by ASCAP, and Defendants shall otherwise abide by all of the terms and conditions of the license agreement.

4. In the event that Defendants fail to make any of the payments provided for in paragraph 2(a), or to pay license fees to ASCAP as provided for in paragraph 3, upon receipt by Defendants of written notice from Plaintiffs or their undersigned attorneys of any such delinquency, Defendants shall have ten (10) calendar days in which to cure such delinquency. If the delinquency is not cured within such ten (10) day period, Defendants shall be obligated to pay the full Consent Judgment amount of Twenty-Five Thousand Dollars ($25,000.00), less any payments previously made to Plaintiffs pursuant to paragraph 2 above. Such balance shall be immediately due and payable, and execution therefor may issue forthwith and without any further notice to Defendants.

5. Plaintiffs shall be granted all such writs and process as is necessary or proper for the enforcement of this Consent Judgment.

6. Subject to the Court's continuing jurisdiction over the parties for purposes of enforcement of this Consent Judgment, this action is dismissed.

**ORDER**

**IT IS SO ORDERED.**

Dated: June 24, 2009

UNITED STATES DISTRICT JUDGE